UNITED STATES DISTRICT COURT
 For the Eastern District of Virginia



DAVID AREVALO
500 Westover Drive #10073
Sanford, North Carolina 27330
309 868 3873

                 Plaintiff in Pro Per,

                          COMPLAINT     1: 25 CV 244

vs.


AKIMA LLC / FRS LLC
LESLIE LEROY
JAMISON SULLIVAN
JARED VENABLE
2553 Dulles View Drive
Suite 700, Herndon, VA 20171


vs.


V2X, INC.
JOHN KALAFICE
SAYIED ALI
ETHICS DEPARTMENT
1875 Campus Commons Drive
Suite 305 Reston, VA 20191

                  Defendants


1.     The plaintiff brings this action to seek judicial relief for discriminatory acts, unfair

         treatment based on protected characteristics, denial of equal protection, and acts

         of prejudice prohibited by the Civil Acts right of 1964. Title VII, 42 U.S.C. § 2000e

         and Virginia Code § 2.2 3905. Americans with Disabilities Act of 1990 Title I 42

         U.S.C. §§ 12101.

2.  Redress from the defendants' false accusations about the plaintiff. Including Akima's submitted Position Summary to the EEOC during the course of the EEOC investigation. Akima's Position Summary contains fabricated statements and dates as presented in the exhibits.

3.  Fictitious statements to a Federal Agency may violate False Statements, Concealment to a Federal Agency 18 U.S.C. Section 1001. Illegal retaliation under Title VII and Obstruction of Justice for lying to the EEOC impeding the investigation. 18 U.S.C. § 1505

4.  The plaintiff contends and seeks redress pendent to Virginia State Law claims for Slander, Libel, and Defamation §18.2-417 and Breach of Contract Title § 59.1-507

## JURISDICTION AND VENUE

5.  The venue is correctly laid within the Eastern District of Virginia District Court pursuant to 28 U.S.C. § 1391(b). The defendant's operational corporate headquarters and management are in Henderson and Reston, Virginia, whose actions gave rise to the claim.

6.  Jurisdiction is conferred upon the Eastern District of Virginia District Court under 28 U.S.C. §§ 1331 and 1343 by bringing into question Federal law based upon a Civil Rights Action arising under the Constitution and laws of the United States.

7.  Exhibit A is an excerpt from Akima's Employer-Employee Terms of Agreement, a signed binding contract between Akima and I that assented to the terms of the agreement. That states, "Agree to irrevocably submit to the exclusive jurisdiction of Federal Courts in the Commonwealth of Virginia for the enforcement of arbitration findings and orders between the parties."

8.  Akima seeks to dismiss charges due to lack of jurisdiction concerning Title VII. The signed contract may show that Akima explicitly waives its' immunity and agrees to sue and be sued. Title 18 U.S.C. § 1505, 18 U.S.C. Section 1001 Title 28 U.S.C § 4101 may not be covered under Title VII. V2X does not have a stated request for a dismissal based upon a jurisdictional clause.

9.  Exhibit B is Akima's initiated agreement with the plaintiff. Section 15 Governing Law & Compliance.

10. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, without regard to the conflicts of law's provisions of any jurisdiction. With regard to any actions, claims, complaints, or proceedings arising out of or relating to this Agreement, at all times, each party hereto (a) irrevocably submits to the exclusive jurisdiction of any Virginia court or Federal court serving Fairfax County, Virginia, and irrevocably agrees that all claims in respect of any such action or a proceeding may be heard and determined in such Virginia or Federal court; (b) to the extent permitted by law, irrevocably waives any objection such party may have to the laying of venue of any such action or proceeding in any of such courts, or any claim that such party may have that any such action or proceeding has been brought in an inconvenient forum; and (c) to the extent permitted by law, irrevocably agrees that a final non-appealable judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law

Exhibit B. End

11.  Akima is an SBA-certified SBA 8(a) company.

12.  https://www.akima.com/eguide-issuing-8a-directawards/#:~:

13.  https://dsbs.sba.gov/search/dsp_profile.cfm?SAM_UEI=XQJFSL4MCKR9

14.  Enrollment in the 8(a) program requires qualifying businesses to agree to "sue and be sued" in U.S Federal Courts.

15.  Businesses must adopt an express sovereign immunity waiver—also known as a "sue and be sued" clause—designating the U.S. Federal Courts as "courts of competent jurisdiction. This waiver includes program participation, loans, and contract performance, as required. Exhibits A and B include the sue and be sued clause.

16.  Executive Order 11246 also states that Small Businesses with Federal Contracts are subject to EEO regulations enforced by the Office of Federal Contract Compliance Programs (OFCCP).

17.  Additionally, Akima signed a contract with me that irrevocably submits itself to the exclusive jurisdiction of any Virginia court or Federal court.

18.  V2X, Inc. Articles of Incorporation are listed as a corporation without a stated jurisdictional clause waiver.

19.  Parties Involved

     V2X Prime Contractor

     V2X Information Management Director John Kalafice– Camp Arifjan, Kuwait

     V2X Telecommunication Project Manager Sayied – Camp Arifjan, Kuwait

     V2X Ethics Department – Reston, Virginia

20.  Akima Subcontractor to V2X

Akima Senior HR Manager Leslie Leroy – Herndon, Virginia

Akima / FRS Senior Program Manager Jamison Sullivan – Herndon, Virginia

Akima / FRS Supervisor: Telecom Engineer Lead Jared Venable – Camp Arifjan, Kuwait

Akima / FRS Co-Worker: Telecom Engineer Claudius Atkinson - Camp Buehring, Kuwait

Akima / FRS Myself: Telecom Engineer – Camp Buehring, Kuwait

21. The parties involved include the Prime Contractor V2X and Subcontractor Akima/FRS, who both provide support services to V2X on a Civil Augmentation Program (LOGCAP). A contract administered by the US Army to provide contingency support to augment the Army Forces structure in Kuwait on the U.S. Government Contract.

22. FRS-Five Rivers Services is a wholly owned subsidiary of Akima. Akima administers FRS's HR Department and payroll. Signed Employee contracts and adherence to policies were made with Akima. FRS will be colloquially named Akima in the remainder of this record.

23. V2X controlled work conditions, i.e., required conformance to V2X policies. Established schedules duty locations. Projects were submitted to V2X and set deadlines. Akima employees were issued a V2X corporate email and received compliance emails from V2X. Akima employees reported to the V2X Manager and Director.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. The plaintiff exhausted administrative remedies that were prerequisites to bringing

this claim.

25.    The EEOC issued a Notice of Right to sue Akima EEOC Case Number 531-2024-
       01207. Charge of discrimination based on race, religion, disability, harassment,
       and retaliation for submitting concerns regarding protected activities.

26.    The EEOC issued a Notice of Right to sue V2X EEOC Case Number 570-2024-
       03324 for the same.

27.     I attempted EEOC mediation with Akima. However, the employer declined.

Exhibit D: Right to Sue.

Exhibit E: An itemized list of evidence, witness list, and witness statements. I would like
to reserve the right to introduce the exhibits during discovery.

28.    Virginia Code 8.01-452 states that all exhibits need not be submitted when the
       initial lawsuit is filed.

29.    The exhibits contain substantial direct documentary evidence regarding Akima's
       and V2X's retaliatory, discriminative, and disparate treatment behaviors.

## INTRODUCTION

30.    The plaintiff began employment with Akima in September 2019, later accepted a
       promotion with another organization. In March 2022. An Akima Program
       Manager other than Sullivan reached out and extended another offer of
       employment and was rehired as a Telecommunication Engineer.

31.    Akima provides telecommunication engineering services to V2X on Camp
       Buehring and Camp Arifjan in Kuwait. Akima's engineers report daily to the V2X
       Telecommunication Project Manager, Ali, and the V2X Director, Kalafice. Ali
       rates Akima's performance and provides feedback to the V2X contracting office

on whether objectives are being met. Ali also provides weekly feedback to Sullivan via teleconference. Sullivan takes this input to evaluate personnel and make termination decisions.

32.    The plaintiff received written work performance accolades until the plaintiff lodged complaints to oppose discriminative and disparate treatment to V2X / Akima's Ethics Department's starting upon the hiring and arrival of Project Manager Ali in March 2023.

33.    Exhibits upon review detail the plaintiff's professionalism, conduct and helpful nature. The electronic e-mail correspondence contained within the exhibits equally detail the same with peers and management alike.

34.    Akima provided shifting justifications for termination during the suspension period before termination on November 6th, 2023, when the plaintiff presented the defendants with evidence contradicting their allegations—exhibit E

35.    Akima's published Code of Conduct states, "Managers and supervisors in the organization are fully aware that they have a duty to follow up on all concerns of their team members.

36.    Violations of the company's Code of Conduct, policies, standards, or procedures will be investigated as appropriate.

37.    V2X's published Code of Conduct states similar language

## STATEMENT OF FACTS

**Exhaustion of Employer Remedies**

38.    I sought to oppose discrimination by reporting treatment to seek redress from my supervisor and through V2X and Akima's Ethics Departments before filing the

EEOC charge for race, religion, disability discrimination, targeting, bullying, and harassment. However, Investigations were not conducted. I was ignored, and replies were not received—exhibit E.

39.   Timelines of reports sent.

05/29/2023 Akima Supervisor

06/26/2023 Akima HR and Program Manager

06/30/2023 V2X Employee Relations.

09/15/2023 V2X Employee Relations.

09/26/2023 V2X Director

10/16/2023. Akima HR and Program Manager.

10/18/2023. V2X Ethics Department.

12/18/2023. Akima Ethics Department.

40.   I would like to introduce the evidence contained within the exhibits during discovery. The exhibits contain email correspondence, chat history between the parties involved, and other evidence—exhibit E

**Cause of Action Count One: Hostile Work Environment Based on Race**

41.   The plaintiff was the only Hispanic/ Indian on the team made to endure discriminatory treatment. The defendants were of Caucasian and African American origin. The Telecommunication Manager, Sayied Ali, is of unknown origin.

42.   10/16/2023 I sent WhatsApp screenshots of racially discriminatory remarks made to me from my co-worker Atkinson to Sullivan and Leroy; however, no action was taken. The statements made by Atkinson were "Stupid Indians," "Indian Bi--ch,"

and "Indian Fool." —exhibit E

43.    05/29/2023 Akima Supervisor. The plaintiff began reporting ongoing harassment starting 05/29/2023 from co-worker Atkinson to Supervisor Venable through WhatsApp and emails. I stated Atkinson's argumentative nature, harassment, and verbal abuse. Venable acknowledged Atkinson's behavior but failed to address the discrimination. —exhibit E

44.    10/16/2023 Reported the same behavior to Sullivan and Leroy. Corrective action was not taken. Akima did not investigate and dismissed the plaintiff's complaints. —exhibit E

**Cause of Action Count Two: Retaliation for reporting discrimination, disparate, and harassment from Ali.**

45.    Ali made false, pervasive, malicious, and defamatory accusations that interfered with my ability to do my job, which ultimately resulted in my termination.

46.    06/30/2023 Plaintiff notified the V2X Employee Relations Department that Ali falsely accused to Akima that I had two late projects when I had not. The plaintiff sent the Employee Ethics Department a project tracker of due dates and other supporting information that showed the projects were not late. The slander from Ali resulted in disciplinary action from Akima in the form of a write-up on 06/16/2023—exhibit E

47.    Ali sent an email requesting a timeline of my activities and said my log hours would be verified. He cc'd the engineering team and a V2X supervisor to humiliate and embarrass the plaintiff. I replied with a timeline detailing continuous updates. In addition, I reminded him that I was working on a director-level

"special project" from Kalafice and that other projects were on standby. Supervisor Venable also confirmed via WhatsApp messaging that other projects were on standby. —exhibit E

48.  I informed V2X Ethics that there were, in fact, other late projects from other engineers by sending the "Due Outs Tracker" that Ali did not report to Akima. The plaintiff was given stricter treatment than others.

49.  05/26/2023 The Plaintiff reported to the V2X Ethics Department that Ali was unresponsive to my email correspondence concerning projects with accompanying supportive documentation. —exhibit E

50.  Ali deliberately dismissed and ostracized the plaintiff from the workplace.  Ali failed to recognize my contributions. Excluded and isolated the plaintiff from the team. I felt confusion and distress, with overall psychological and physical exhaustion.

51.  09/15/2023. The plaintiff notified the V2X Employee Relations Department that my supervisor Venable informed me that Ali alleged that I regularly arrived late at work and had asked someone to forge my signature on the morning sign-in sheet so the plaintiff wouldn't be shown as late. Ali received a scanned copy of the morning sign-in sheet emailed to him by the administrative staff. Because of slight variations in my signature, Ali alleged it was not my signature. Later, a V2X employee (Ed Gordon) informed me that Ali asked him to watch me sign my name and confirm it was my signature.

52.  The aforementioned disciplinary write-up contained additional libel and defamatory statements that Ali reported to Akima. Stating "taking extended

breaks and being unavailable at the work site.

53.    09/15/2023 Plaintiff reported to the V2X Ethics Department that Ali's duty location was Camp Arifjan. The plaintiff's duty location was Camp Buehring, a two-hour drive away. Ali would drive to Buehring on random occasions once a week on average, not see me in the office, and report that I was unavailable at the work site. The plaintiff reported he did not understand the disdain and contempt from Ali. —exhibit E

54.    09/15/2023 Plaintiff reported to the V2X Ethics Department that Ali's duty location was Camp Arifjan. The plaintiff's duty location was Camp Buehring, a two-hour drive away. Ali would drive to Buehring on random occasions once a week on average, not see me in the office, and report that I was unavailable at the work site. The plaintiff reported he did not understand the disdain and contempt from Ali. —exhibit E

55.    A telecommunication engineer's job function is to conduct site surveys in the field and returns to the office to make the designs.

56.    09/15/2023 Plaintiff notified V2X Ethics, and Director Kalafice Ali would not allow me to work on a holiday for additional pay that was offered to everyone else. Kalafice did not respond to my email correspondence regarding the retaliation. Venable informed me that I could take the holiday. In a WhatsApp conversation, Venable said that Ali was angered that I took it.

57.    10/07/2023 Plaintiff reported to Venable that Ali assigned less than favorable work conditions by relocating his office to a tent.

58.    06/20/2023 Ali carried out various acts of targeting and bullying. —exhibit E

59. V2X Director Kalafice receives copies of reports made to V2X Employee Relations and Ethics Departments; however, he never addressed Ali about the discrimination. Akima received the same copies of the reports and took no measures to stop it.

**Cause of Action Count Three: Discrimination Based on Disability**

60. 09/12/2023 Plaintiff informed Ali he has a Veterans Affair Rating for PTSD, where I suffer from hypervigilance disorder. 10/7/2023, the Plaintiff was relocated from an office to a tent. Ali then removed the door from the tent. I could no longer think and perform my job functions due to the noise and personnel walking behind me.

**Cause of Action Count Four: Defamatory accusations made by Sullivan in termination correspondence.**

61. 12/05/2023 Sullivan provided shifting justification for termination. Allegations included being unprofessional and disrespectful. The plaintiff requested investigations in writing from V2X and Akima to corroborate the allegations. However, investigations were not conducted. Akima informed the EEOC that I was terminated because Atkison, the individual who made racially derogatory remarks to me, alleged he was injured due to my braking. Atkison has previously made other allegations regarding a different co-worker to the Army Criminal Investigation Division, proven false that the other co-worker had raped someone. I informed Sullivan that I talked to a Military Police traffic investigator who said it appeared bogus. The investigator provided his business card, and I sent the business card to Sullivan and Leroy; however, the Investigator was not contacted. Additionally, I requested that Sullivan and Leroy obtain the vehicle

speed logs from the company-provided vehicle from the fleet provider, but they did not do so. I also requested to obtain the camera footage from the road in question and did not do so — exhibit E

62. Akima made fabricated, malicious, and defamatory the EEOC that I was terminated for intentionally injuring a teammate despite never contacting the investigator to obtain the logs or camera footage.

**Cause of Action Count Five: Breach of Contract.**

63. V2X and Akima did not adhere to the terms of the signed and formalized Compliance with Law Agreements. Policies in reference to protection from retaliation, harassment, a hostile-free work environment, and the duty to investigate reports made that are contained within the Code of Conduct Agreements. — exhibit E

### CLAIM FOR RELIEF

64. I felt confusion and distress, with overall psychological and physical exhaustion. I had sleepless nights and continue to have sleepless nights. I sought care from a psychiatrist who prescribed sleep and anxiety medication. I continue to see a psychologist and take medication. I have been left with unmanageable stress and feelings of low self-worth.

65. I am recovering with the help of a psychologist, as the experience has aggravated my PTSD symptoms. I am looking forward to rejoining the workforce soon. It is very unlikely that I will be able to find a job with the same compensation.

66. The Plaintiff holds a Secret Security Clearance. It is unknown what Akima has reported to any Security Agency that would affect the Plaintiff's ability to seek another Defense

Contract job.

67. My personal life has been affected because the subsequent events proceeding with the termination have led to turmoil and spousal separation.

68. Plaintiff respectfully requests that the Court declare the Defendants' conduct to be in violation of Federal and State law.

69. Punitive Damages of $ 875,000 for the defendant's slander and libel. The allegations were relayed to the V2X Information Department of 700 personnel and Program Administrators above the Director level.

70. Compensatory damages of front pay. The Plaintiff earned  $170,000 annually. The Plaintiff also requests any other relief deemed appropriate by the Court, including fees, court costs, and any other applicable damages.


Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.
I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Date of signing: 2/5/2025

Signature of Plaintiff:

Printed Name of Plaintiff: David Arevalo

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
_____**DIVISION**



David Arevalo
_____
        **Plaintiff(s),**

        v.

V2X, Akima
_____
        **Defendant(s),**

**Civil Action Number:** \_ 25 CV 244

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** ___Lawsuit_____.
                                                        **(Title of Document)**

David Arevalo
_____
Name of _Pro Se_ Party (Print or Type)

_signature_
_____
Signature of _Pro Se_ Party

Executed on: __2/04/2025_____(Date)

                        **OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                        **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: _____(Date)